IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(PITTSBURGH DIVISION)

| | |
|---|---|
| **WALSH/GRANITE JV,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 2:17-cv-00558-NBF ) |
| **HDR ENGINEERING, INC.,** | ) ) ) |
| Defendant. | ) ) |

**MOTION FOR CONSOLIDATION PURSUANT TO
RULE 42(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiff, Walsh/Granite JV respectfully moves this Court pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, to consolidate the subsequently filed action titled *HDR Engineering, Inc. v. Walsh/Granite, Joint Venture, et al*, No. 2:17-cv-00782-JFC (W.D. Pa. June 13, 2017) with the present matter, and in support thereof states as follows:

1. Walsh/Granite JV (the "Joint Venture") commenced this action on April 30, 2017 by filing its Complaint against HDR Engineering, Inc. ("HDR").

2. Several weeks thereafter, on June 13, 2017, HDR filed a complaint against the Joint Venture and its sureties in an action titled *HDR Engineering, Inc. v. Walsh/Granite, Joint Venture, et al*, at Civil Action No. 2:17-cv-00782-JFC ("HDR's action").

3. The two cases are intimately related, involving common questions of law and identical questions of fact.

4. Each case arises out of the same contract for work performed on the same construction project. Specifically, the project is known as the Rapid Bridge Replacement

Project, and the contract is a two-phase agreement between the Joint Venture and HDR for design work on the project.[1]

5. The primary parties are identical in the two actions. The Joint Venture is the plaintiff and HDR is the defendant in this matter, while HDR is the plaintiff and the Joint Venture is the defendant in HDR's action. HDR's later-filed action also includes the individual members of the Joint Venture and the Joint Venture's sureties, whose liability is dependent on the potential liability of the Joint Venture.

6. Rule 42(a) of the Federal Rules of Civil procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."

7. Thus, "[c]ourts are authorized to consolidate actions '[w]hen actions involving common questions of law or fact are pending before the court.'" *Marcellx, LLC v. Sbarra*, No. CV 16-1319, 2017 WL 956652, at *2 (W.D. Pa. Mar. 13, 2017) (quoting Fed. R. Civ. P. 42(a) (2016)). "The threshold requirement for determining whether consolidation is permissible is whether there exists a common question of law or fact." *Id.* (quoting *McClenaghan v. Turi*, Nos. 09–5497 and 11–3761, 2011 WL 4346339, at *1 (E.D. Pa. Sept. 16, 2011)).

8. Judicial convenience and economy will be promoted by consolidation of the actions. Consolidation will result in one trial that will bind all plaintiffs and defendants. As such,

---

[1] Indeed, the allegations in HDR's later-filed action could be asserted as a counterclaim in this earlier-filed case. *See* Fed. R. Civ. P. 13(a) ("A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."); *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3d Cir. 1961) ("We have indicated that a counterclaim is compulsory if it bears a 'logical relationship' to an opposing party's claim. The phrase 'logical relationship' is given meaning by the purpose of the rule which it was designed to implement. Thus, a counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts." (Internal citations omitted)).

consolidation will save time and avoid unnecessary costs to the defendants and the plaintiffs in both actions, the witnesses who would otherwise be required to testify at two trials, and this Court.

9. Consolidation will not delay the final disposition of these matters. Due to the nascent stages of these cases, no party in either case has engaged in any discovery. There are no immediate deadlines in either case that would be adversely affected by consolidation of these cases. Nor will any party suffer any undue prejudice or surprise, as counsel for both the Joint Venture and HDR have been in contact regarding the ongoing dispute and the filing of the actions. In one of these discussions, counsel for the non-movant agreed to accept service on behalf of HDR. In response, the Joint Venture served the Complaint in this action on both HDR and its outside counsel. Moreover, the additional defendants named in HDR's later-filed complaint do not affect the jurisdiction of this Court and will not require the resolution of unrelated factual or legal issues.

10. Consolidation of HDR's action at Civil Action No. 2:17-cv-00782-JFC, filed June 13, 2017, into this lower numbered Civil Action No. 2:17-cv-00558-NBF, filed April 30, 2017, is appropriate. *See Porter v. Capozza*, No. CIV.A. 04-465, 2007 WL 120041, at *4 (W.D. Pa. Jan. 9, 2007) (consolidating Civil Case No. 04-465 into 04-464); *Schultz v. Merit Sys. Prot. Bd.*, No. CIV.A. 13-1363, 2014 WL 7015990, at *2 (W.D. Pa. Dec. 11, 2014) (consolidating Civil Action No. 14–1159 into Civil Action No. 13–1363); *Chito v. Hilcorp Energy Co.*, No. 214-CV-1576, 2015 WL 5084313, at *1 (W.D. Pa. Aug. 27, 2015) ("Therefore, Plaintiffs' motion to consolidate the cases at 2:14–cv–01576 and 2:15–cv–00664 is GRANTED. The cases will be consolidated at 2:14–cv–01576.").

11. Such consolidation into the lower-numbered case is also consistent with Rule 40(E)(2) of the Local Civil Rules of Court of the United States District Court for the Western District of Pennsylvania, which provides that "[i]f the fact of relatedness is not indicated on the appropriate form at time of filing, after a case is assigned, the assigned Judge may transfer the later-filed case to the Judge who is assigned the lower-numbered related case."

12. Therefore, simultaneously with filing this motion, the Joint Venture also has filed a Motion to Transfer pursuant to Local Rule 40(E) in the higher-numbered HDR action.

Wherefore, Walsh/Granite JV respectfully requests that this Honorable Court grant this motion and consolidate *HDR Engineering, Inc. v. Walsh/Granite, Joint Venture, et al*, No. 2:17-cv-00782-JFC (W.D. Pa. June 13, 2017) with this matter for all pre-trial proceedings, trial, and for purposes of judgment and appeal, and for such other and further relief as this Court finds just and proper.

Dated: June 18, 2017

Respectfully submitted,

___*Kevin J. McKeon*_____
Kevin J. McKeon (PA ID# 76232)
Watt, Tieder, Hoffar & Fitzgerald, LLP
1765 Greensboro Station Place, Suite 1000
McLean, VA 22102
703-749-1000
703-893-8029 (facsimile)
kmckeon@watttieder.com

*Attorneys for Plaintiff Walsh/Granite JV*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of June, 2017, a copy of the foregoing Motion for Consolidation Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure was delivered via electronic mail and by electronic filing through the Electronic Case Filing ("ECF") system electronic filing on the following:

Kenneth J. Hardin , II
Hardin Thompson, P.C.
The Frick Building
437 Grant Street, Suite 620
Pittsburgh, PA 15219
kenhardin@hardinlawpc.net

*Counsel of Record for HDR Engineering, Inc. at Civil Action No.* 2:17-cv-00782-JFC

Charlie C.H. Lee, Esquire
Robert M. Moore, Esquire
Jason C. Constantine, Esquire
Moore & Lee, LLP
1751 Pinnacle Drive, Suite 1100
McLean, Virginia  22102
c.lee@mooreandlee.com
r.moore@mooreandlee.com
j.constantine@mooreandlee.com

*Counsel for HDR Engineering, Inc.*

These documents are available for viewing and downloading from the ECF system.

                                          *Kevin J. McKeon*
                                        Kevin J. McKeon (PA ID# 76232)