IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALSH/GRANITE JV, | ) |
| Plaintiff, | ) |
| v. | ) |
| HDR ENGINEERING, INC., | ) 2:17-cv-558 |
| Defendant. | ) District Judge Nora Barry Fischer |
| ─────────────────────── | ) |
| HDR ENGINEERING, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| WALSH/GRANITE JV, et al., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This is a dispute between two sophisticated entities relating to their respective roles in the Pennsylvania Department of Transportation's public-private partnership project to replace more than 550 bridges across the Commonwealth of Pennsylvania over the next several years. Each entity separately filed suit against the other in this Court, and shortly thereafter, both actions were consolidated into this single action.[1] Pending before the Court is a motion for partial dismissal filed by Walsh/Granite, Joint Venture, *et al.* ("Walsh/Granite"), (Docket No. [28]), which seeks to dismiss Counts II, III, IV, and VI of HDR Engineering, Inc.'s ("HDR") consolidated complaint. *See* 2:17-cv-782 (Docket No. 1). The Court heard extensive argument from the parties relative to

---

[1] The first action, the lead case, was initiated on April 30, 2017 at Civil Number 17-558. The second action, the member case, was initiated on June 13, 2017 at Civil Number 17-782. The two actions were consolidated on June 23, 2017.

1

this motion, both at the September 29, 2017 case management conference and the October 12, 2017 oral argument, (Docket Nos. 60, 64), and the motion is fully briefed. (Docket Nos. 33, 37, 53). After careful consideration of the parties' written submissions and oral arguments; the allegations contained in HDR's consolidated complaint; the applicable standards governing motions to dismiss, *see, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016); and for the reasons that follow, Walsh/Granite's motion is denied, without prejudice, to their arguments being renewed at the appropriate times in these proceedings.

Walsh/Granite first argues that HDR's claims for fraudulent and negligent misrepresentation at counts III and IV of the consolidated complaint should be dismissed because HDR fails to allege facts regarding the element of justifiable reliance. *See Tran v. Metropolitan Life Ins. Co.*, 408 F.3d 130, 136 & n. 8 (3d Cir. 2005) ("Justifiable reliance on an alleged misrepresentation is an element of both fraudulent and negligent causes of action in Pennsylvania."). In the consolidated complaint, HDR alleges that during the performance of the project, Walsh/Granite lodged two claims against HDR (a delay claim and an excess quantities claim), causing it to suffer a significant amount of damages. HDR did not actually believe that Walsh/Granite's claimed damages were accurate, but given the complexity of the relevant calculations, HDR alleges it was forced to conduct a comprehensive year-long investigation to verify Walsh/Granite's representations. The investigation, which cost HDR approximately $1.7 million, allegedly revealed that Walsh/Granite's representations were overstated by tens-of-millions of dollars.

Because HDR conducted an investigation into Walsh/Granite's purportedly inflated damages claims, Walsh/Granite contends that justifiable reliance cannot be established as a matter

of law.  But, "justifiable reliance is typically a question of fact for the fact-finder to decide, and requires a consideration of the parties, their relationship, and the circumstances surrounding their transaction." *Toy v. Metro Life Ins. Co.*, 928 A.2d 186, 208 (Pa. 2007).  Walsh/Granite cites no authority in support of its assertion that HDR's decision to conduct an investigation under these circumstances is a *per se* bar to a finding of justifiable reliance, particularly at the pleading stage.  To the contrary, in this Court's estimation, the consolidated complaint's allegations, taken as true, sufficiently plead the element of justifiable reliance, and Walsh/Granite's arguments here are better left to be assessed on a more fully developed factual record.

Similarly, at this stage of the proceedings, the Court declines to hold that the gist of the action doctrine bars HDR's claims for fraudulent and negligent misrepresentation.  In light of the complex nature of the parties' dispute herein, in this Court's opinion it is premature for the Court to make a finding as a matter of law as to "whether the nature of the duty upon which the breach of contract claims rest is the same as that which forms the basis for the tort claims."  *Norfolk S. Ry. Co. v. Pittsburgh & W. Va. R.R.*, 870 F.3d 244, 357 (3d Cir. 2017) (internal alteration removed) (quoting *Bruno v. Erie Ins. Co*., 106 A.3d 48, 69 n. 17 (Pa. 2014)). Therefore, Walsh/Granite's motion to dismiss counts III and IV of the consolidated complaint is denied, without prejudice, to be raised on a more fully developed record.  *See Kappe Assocs., Inc. v. Chesapeake Envtl. Equip., LLC,* 2016 WL 1257665, at *10 (E.D. Pa. 2016) (collecting cases that declined to apply the gist of the action doctrine at the pleading stage); *Sensus USA, Inc. v. Elliot Bay Eng'g, Inc.* 2011 WL 2650028, *8 (W.D. Pa. 2011) ("Because application of the gist of the action doctrine depends on the facts of each particular case, … this issue is best left for resolution on a … post-discovery motion for summary judgment.").

Walsh/Granite next moves to dismiss HDR's claim for declaratory judgment relief at count VI of the consolidated complaint. In this count, HDR seeks a declaration from the Court as to the interpretation of a specific provision of the parties' contract that Walsh/Granite is currently using to justify its withholding of approximately $29.5 million from HDR. Because the project is set to last several more years and Walsh/Granite has indicated that it will withhold more of HDR's money in the future pursuant to this provision, HDR seeks a declaration from the Court as to the parameters of the provision. According to Walsh/Granite, however, the Court should dismiss this claim because it is duplicative to HDR's breach of contract claim and because the resolution of this claim only would result in unwarranted piecemeal litigation.

When considering only the allegations in the consolidated complaint, the Court concludes that dismissal of the declaratory judgment claim is also premature because it is presently unclear whether a declaration by the Court as to the particular contractual provision at issue would serve as a useful clarification to the parties. *Baker v. Deutschland GmbH*, 240 F.Supp.3d 341, 349-50 (M.D. Pa. 2016). In this regard, the Court is mindful that "if there is any doubt as to whether the [declaratory judgment claim] is redundant, the better course is to deny the motion to dismiss without prejudice until the facts have been developed, either at summary judgment or at trial." *Barnett v. Platinum Equity Capital Partners II, L.P.*, 2017 WL 3190654, at *4 (W.D. Pa. 2017); *see also Bancroft Life & Cas. v. Lo*, 2013 WL364239, at *7 (W.D. Pa. 2013) (so long as the declaratory judgment claim is more than symbolic and would serve a useful purpose, the Court should decline to dismiss it at the pleading stage). Moreover, as recently noted by the Court of Appeals for the Third Circuit, "[w]hen the legal claims are independent [of the declaratory claim], courts generally will not decline the declaratory judgment action in order to avoid piecemeal litigation." *Rarick v. Federated Svc. Ins. Co.*, 852 F.3d 223, 228 (3d Cir. 2017). Here, HDR's

legal claims are independent of the declaratory judgment claim because "they are alone sufficient to invoke the court's subject matter jurisdiction and can be adjudicated without the requested declaratory relief." *Id.* Therefore, at this early stage of the case, the Court declines to dismiss count VI of the consolidated complaint, as requested by Walsh/Granite.

Finally, Walsh/Granite seeks dismissal of HDR's quantum meruit claim at count II of the consolidated complaint because HDR expressly alleges that it has performed all of the obligations under the parties' contract and does not otherwise allege that: (1) the contract covers only a part of the parties' relationship; or, (2) the contract's existence is uncertain or its validity is disputed. *See Vantage Learning (USA), LLC v. Edgenuity, Inc.*, 246 F.Supp.3d 1097, 1100-01 (E.D. Pa. 2017). However, "both the Federal Rules of Civil Procedure and well-established case law permit plaintiffs to plead in the alternative," even if the "breach of contract and unjust enrichment claims generally cannot coexist in the end." *Sensus*, 2011 WL 2650028, at *5 (citing Fed.R.Civ.P. 8(e)(2)); *see also Powers v. Lycoming Engines*, 328 Fed. App'x 121, 126 (3d Cir. 2009) (under Pennsylvania law, unjust enrichment is a synonym for quantum meruit and is a form of restitution). Consequently, the Court again finds that Walsh/Granite's argument in support of dismissal is premature, notwithstanding that this claim may ultimately prove to be inconsistent with the breach of contract claim and subject to dismissal at a later stage of the case. *See Target Global Logistics Svcs, Co. v. KVG, LLC*, 2015 WL 8014752, *4 & n. 5 (E.D. Pa. 2015) ("It is not unusual … for a claim in restitution to coexist with a claim under the law of contracts at the pleadings stage when … the status of the plaintiff's performance under the contract has yet to be determined, even if a later finding that the plaintiff is entitled to contractual remedies may, but not necessarily, displace the restitution claim.").

Accordingly, IT IS HEREBY ORDERED that Walsh/Granite's motion for partial dismissal [28] is DENIED, without prejudice, to Walsh/Granite renewing such arguments at the appropriate time in these proceedings.

IT IS FURTHER ORDERED that HDR shall file its consolidated complaint on the docket in the lead case, 17-558, FORTHWITH; and,

IT IS FURTHER ORDERED that, in accordance with Rule 12(a)(4), Walsh/Granite shall file an answer to the consolidated complaint on or before **November 28, 2017**, given the Court holiday in that time period.

*/s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date:　November 7, 2017
cc/ecf:　All counsel of record.