# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALSH/GRANITE JV, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HDR ENGINEERING, INC., ) <br> ) <br> Defendant. ) <br> _____ ) <br> ) <br> HDR ENGINEERING, INC., ) <br> ) <br> Consolidated Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WALSH/GRANITE JV, et al., ) <br> ) <br> Consolidated Defendants. ) | Civil Action No. 17-558 <br> District Judge Nora Barry Fischer |

## ORDER OF COURT

AND NOW, this 30th day of April, 2018, Walsh/Granite JV ("Walsh/Granite") having initiated this case against HDR Engineering, Inc. ("HDR") on April 30, 2017, (Docket No. 1), and HDR having initiated a related suit on June 13, 2017 at Civil No. 17-782 against Walsh/Granite, Walsh Construction Company II, LLC, Granite Construction Company, Travelers Casualty and Surety Company of America, Federal Insurance Company, Zurich American Insurance Company, Fidelity and Deposit Company of Maryland (collectively "Walsh/Granite"), and the Court having consolidated these actions on June 23, 2017, (Docket No. 6), and the Court having held a Case Management Conference on September 28, 2017, (Docket No. 60), at which time the Court scheduled oral argument on Walsh/Granite's then-pending Motion for Partial Dismissal, (Docket No. 28), and HDR's then-pending Motion for Hearing Pursuant to Fed.R.Civ.P. 57 (Docket No.

1

55), and entered its Case Management Order, which, among other things, required that the parties serve their Rule 26(a) disclosures by October 20, 2017 and ordered that fact discovery shall conclude by August 31, 2018 (*i.e.*, six months more than the presumptive 150 days for fact discovery in this District), (Docket No. 59), and the Court having subsequently heard oral argument on Walsh/Granite's Motion for Partial Dismissal on October 12, 2017, (Docket No. 64), and denied the Motion on November 7, 2017, (Docket No. 75), specifically rejecting Walsh/Granite's argument that HDR failed to state a declaratory judgment claim on the issue of "whether [Walsh/Granite] has the right to withhold monies for quantity increases for design elements that are not included in the list of 25 specific items in the Design Quantity Grown Matrix included as Exhibit H to the Phase II Contract," (*id.* at 4-5), and HDR having filed its Consolidated Complaint on the docket in this case on November 9, 2017, (Docket No. 79), and the Court having heard oral argument on HDR's Motion for Hearing Pursuant to Fed.R.Civ.P. 57 on November 17, 2017, (Docket No. 80), and granted said Motion, over Walsh/Granite's objections, on January 3, 2018, setting an expedited discovery and summary judgment motions schedule in regard to HDR's declaratory judgment claim at Count VI of its Consolidated Complaint by which the parties were to engage in factual discovery on this claim until April 3, 2018; file all motions for summary judgment on this claim no later than April 24, 2018; and present oral argument on June 8, 2018, once the motion was fully briefed, while the parties continued to conduct full and complete fact discovery on all remaining issues within the previously agreed on and set August 31, 2018 deadline, (Docket No. 96), and the Court having held a Telephone Status Conference with the parties on April 4, 2018 relative to the Joint Motion to Extend Time to Complete Fact Discovery on Declaratory Judgment Claim until April 17, 2018, (Docket Nos. 107, 112, 131), and granted said Motion, while warning that "[n]o further enlargements will be granted," (Docket Nos. 109),

and Walsh/Granite, despite said warning, having filed the pending Motion to Compel Production of Documents and Continue All Deadlines in the Court's January 3, 2018 Order on April 11, 2018, (Docket No. 123), and the Court having temporarily stayed all deadlines as set forth in the January 3, 2018 Order on April 12, 2018, (Docket No. 127), and having held a Telephone Status Conference with the parties on April 23, 2018, (Docket No. 138), and the Court having appointed Special Master Mark Shepard to address discovery issues in this case on April 24, 2018, (Docket No. 139), and Walsh/Granite's pending Motion having now been fully briefed by the parties, (Docket Nos. 124, 132, 137, 140), and the Court having considered said Motion, related briefing and arguments, wherein HDR states on several occasions that it needs no discovery to proceed, whereas Walsh/Granite maintains it does need certain discovery,

IT IS HEREBY ORDERED that Walsh/Granite's Motion to Compel Production of Documents and Continue All Deadlines in the Court's January 3, 2018 Order [123] is GRANTED, IN PART, and DENIED, IN PART, as follows:

1. No later than **May 8, 2018**, HDR shall produce to Walsh/Granite:

    a. All non-privileged documents hitting on search terms for quantity growth agreed to by the parties and maintained by the custodians as previously identified during the course of the negotiation of the Design Agreement to the date of execution of said Agreement on September 24, 2014 and up to and through the dates of the filing of these actions, the latter being June 13, 2017; and

    b. All non-privileged documents from Fred Horton which have not yet been produced, together with a privilege log.

2. To the extent that Walsh/Granite intends to take depositions of HDR's representative(s) with respect to the expedited Motion for Summary Judgment, all such depositions shall be conducted no later than **May 22, 2018**.

3. HDR shall file its Motion for Summary Judgment on its declaratory judgment claim no later than **June 1, 2018**; Walsh/Granite shall file its Response in Opposition no later than **July 2, 2018**; HDR shall file its Reply no later than **July 16, 2018**; HDR shall file its Sur Reply no later than **July 30, 2018**; and the Court shall hear Argument on this Motion on **Tuesday, August 14, 2018 at 1:30 p.m.** in Courtroom 5B, 5th Floor, Joseph F. Weis, Jr., U.S. Courthouse, 700 Grant Street, Pittsburgh, PA 15219.

4. All other provisions of the Court's September 29, 2018 Case Management Order, (Docket No. [63]), and January 3, 2018 Scheduling Order (Docket No. [96]), remain in full force and effect, and **no further enlargements shall be granted**.

In so holding, the Court notes that it is entitled to great deference when interpreting its own orders. *See In re Asbestos Prod. Liab. Litig. (No. VI)*, 718 F.3d 236, 243-45 (3d Cir. 2013). Having fully considered the parties' briefs and arguments, it appears to the Court that Walsh/Granite has misconstrued the breadth of the Court's January 3, 2018 Order. In issuing said expedited Order, the Court agreed with HDR that it could efficiently resolve the parties' dispute as to the nature, extent, and scope of HDR's declaratory judgment claim by interpreting the relevant contractual provisions and Exhibit H to the Phase II Contract. (Docket No. 96). Nevertheless, given that Walsh/Granite repeatedly expressed concerns that it needed discovery to defend against this declaratory judgment claim, the Court ordered that the parties have ninety (90) days to engage in *limited* discovery on same. (*Id.*). Inexplicably, Walsh/Granite, while apparently taking the position that it is now entitled to unlimited discovery on this claim, "sat on its hands" for the first

sixty (60) days of that period, waiting until the last possible day to serve HDR with its discovery requests. It is no surprise, therefore, that Walsh/Granite was unable to comply with the April 3, 2018 deadline set by the Court ninety days earlier, prompting it to move for a two-week extension of same. (Docket No. 107). In doing so, Walsh/Granite assured the Court that the extension, if granted, would not "interfere with any of the other summary judgment deadlines set by the Court in the January 3, 2018 Order, including the hearing schedule for June 8, 2018." (Docket No. 107 at 2); *see also Lea v. PNC Bank*, 2016 WL 738053, at *3 (W.D. Pa. 2016) ("a party is bound by the actions and omissions of its chosen counsel"); Fed.R.Civ.P. 11(b)(1) and 26(g)(1). Yet, just one week after the Court granted its Motion and stated that no further enlargements would be granted, (Docket No. 109), Walsh/Granite filed the pending Motion to postpone all of the deadlines in the Court's January 3, 2018 Order. (Docket No. 123); *see also Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 358 (3d Cir. 1996) ("absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory") (quoting 18 Charles A. Wright, Miller & Cooper, *Fed. Prac. & Proc*. § 4477 (1981), p. 782). In this Court's estimation, such conduct, when viewed as a whole, is either an attempt to obtain reconsideration of the Court's January 3, 2018 Order which is woefully late[1] or an attempt to circumvent that Order in an effort to achieve what it wants, *i.e.,* full-blown discovery on all issues then motions practice.

Despite Walsh/Granite's dilatory conduct, the Court has enlarged the expedited discovery period, as set forth above, because the Court finds that HDR had an independent duty to produce the requested documents to Walsh/Granite as part of its Rule 26(a)(1) initial disclosures, which

---

[1] *See Practices and Procedures of Judge Nora Barry Fischer*, § II.M. (providing that "any motions for reconsideration shall be filed within seven (7) days") (eff. 9/19/17), available at: http://www.pawd.uscourts.gov/sites/pawd/files/PandPJudgeNoraBarryFischer.pdf

5

the Court ordered to be made by October 20, 2017 and to be supplemented with due diligence thereafter. (Docket No. 63). Indeed, seven full months have passed since the Court held its Case Management Conference,[2] (Docket No. 60), and the Court is concerned that the parties have not complied with the spirit of Rule 26(a)(1), as amended. Fed.R.Civ.P. 26(a)(1). In this Court's opinion, litigants now have a duty under Rule 26(a)(1) to make full-bodied disclosures, meaning that they should fully produce any and all non-privileged documents with respect to their claims and/or defenses, rather than merely identifying them on a list, regardless of whether the opposing party sends a formal request for production pursuant to Rule 34.[3] *Id.*; *see also Dietz v. Bouldin*, ___ U.S. ___, 136 S. Ct. 1885, 1893 (2016) ("district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases").[4] Hence, the parties shall follow such practice for the remainder of the discovery period. Further, given the parties' continuing disputes, Special Master Shepard has been appointed to keep them on task.

Finally, the Court reiterates that because litigants in this District are normally entitled to only five months of fact discovery and the Court already extended that period by more than six months in its September 29, 2017 Case Management Order, (Docket No. 63), **no further enlargements of the fact discovery period will be granted in this case**. As previously noted,

---

[2]    Although the parties were permitted to serve early Rule 34 requests prior to this Case Management Conference in light of the 2015 Amendment to Rule 26(d)(2), the Court notes that neither side elected to do so.

[3]    In this Court's experience, such a practice substantially reduces otherwise avoidable discovery disputes because it fosters cooperation between the parties and counsel. *See* Aebra Coe, *Attys' Mindsets During Discovery Must Change, Judges Say*, Law 360 (April 27, 2018, 8:47 PM), https://www.law360.com/articles/1038039/print?section=legalindustry.

[4]    In addition, this case has been proceeding on two tracks. And whether or not HDR deems evidence not relevant to the instant dispute, it may be relevant to the case as a whole.

both parties enjoy deep resources, teams of allegedly competent attorneys and supporting personnel, including IT professionals, and now have benefit of the skills of Special Master Shepard, such that the Court expects the parties and counsel to make this case "job one."[5]

                                                  */s/ Nora Barry Fischer*
                                                  Nora Barry Fischer
                                                  United States District Judge

cc/ecf: All counsel of record.

---

[5] Rather than focusing on rebuilding and/or repairing the hundreds of depleted bridges across Pennsylvania as they were retained to do in exchange for millions of taxpayer dollars, (*see* Docket Nos. 1, 79), in this Court's estimation, the parties are wasting substantial time and money in this litigation.